WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willie Earl Key, | No. CV-13-01623-PHX-DJH (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Nicholas Gombar, et al., | |
| Defendants. | |

Plaintiff, Willie Earl Key, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. §1983. Pending before the Court is Plaintiff's Motion to reconsideration (Doc. 58) filed on November 14, 2014. Plaintiff seeks reconsideration of the Court's Order (Doc. 54) filed October 22, 2014, which denied reconsideration of the Court's Order (Doc. 51) filed October 3, 2014. Plaintiff believes that relevant additional taser information exists in the form of "HD Camera and audio feed" and taser logs which Defendants have failed to produce. In its Order of October 3, 2014 (Doc. 51), the Court specifically found that: "(1) Defendants have complied and will continue to comply (emphasis added) with the disclosure requirements regarding taser use in this matter; (2) tasers contain neither audio nor video, and that Plaintiff was provided with the only available information regarding taser use . . . ." The Court's Order (Doc. 51) recognizes a continuing obligation for Defendants to disclose available information regarding taser use by Defendants on Plaintiff.

1  Motions for reconsideration will ordinarily be denied absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with Plaintiff's reasonable diligence. Pursuant to Rule 7(g)(1), ". . . Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's order . . . ."

This is Plaintiff's third motion for reconsideration on the same issue previously decided by the Court in its Order filed 10/03/14. See, Plaintiff's Motion to Compel (Doc. 52) and "Motion to reconsider Plaintiff's request for the disclosure of Defendants H.D. Camera recordings" (Doc. 53). Plaintiff has failed to produce newly discovered evidence which could not have been presented earlier. Plaintiff fails to set forth clear error of the Court in its prior ruling. Nor does Plaintiff indicate how the ruling was manifestly unjust. There has been no intervening change in controlling law. See, Defenders of Wildlife v. Ballard, 73 F.Supp. 2d 1094 (D. Ariz. 1999).

Plaintiff's Motion to reconsideration (Doc. 58) is denied. All taser logs relevant to these proceedings are discoverable, and Defendants have an ongoing obligation to produce them upon receipt.

Dated this 8th day of December, 2014.

_____
Honorable Eileen S. Willett
United States Magistrate Judge