WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willie Earl Key, | No. CV-13-01623-PHX-DJH (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Nicholas Gombar, et al., | |
| Defendants. | |

Plaintiff has filed a *pro se* civil rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. On December 24, 2014, the Court issued an Order (Doc. 71) addressing for the fourth time the Plaintiff's request for Taser information. The Court also granted the Defendants' Motion to Preclude Further Requests for Taser Information. *Id.* Pending before the Court is Plaintiff's Request for Duty Status Report of Taser #X3000P5C; the appointment of Expert Witnesses and an Investigator (Doc. 70).

Plaintiff's request for the taser information is summarily denied as Plaintiff has failed to present newly discovered evidence, demonstrated the Court committed clear error, or that the prior four decisions were manifestly unjust. *School Dist. No. 1J, Multnomah County v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). *See also* LRCiv 7.2(g)(1).

Plaintiff seeks the appointment of a Taser expert, a medical doctor with expertise in burns, and an investigator to assist Plaintiff in developing his case. Plaintiff argues that such witnesses would not only assist the Plaintiff but also the Court.

Plaintiff's *in forma pauperis* status does not provide for the Court to appoint

expert witnesses or investigators at government expense to assist the Plaintiff. *Dixon v. Ylst*, 990 F.2d 478 (9th Cir. 1993) (no authority to pay witness fees); 28 U.S.C. § 1915. Nor does Plaintiff cite legal authority in support of his request. Though Federal Rule of Evidence 706 permits the Court to appoint independent experts on the Court's own motion or at the request of a party, the exercise of such judicial discretion is rare. The purpose of Rule 706 is to aid the Court or jury in resolving the issues.

> Accordingly, relevant to the exercise of discretion to appoint an expert are several factors associated with the trier-of-fact's need for expert testimony. The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance.

*Wright & Miller*, 29 Fed. Prac. & Proc. Evid. § 6304 (2004).

At this time, it is not apparent to the Court that an expert in burn scars or tasers is required to resolve issues pertinent to this case. The case is not complex. It presents no esoteric issues. A trial has not been set. Plaintiff has failed to demonstrate the necessity to the Court of the experts he seeks at this stage of the proceedings. Nor is an investigator of any assistance to the Court in resolving the issues before it.

Therefore, it is ordered denying Plaintiff's Request for Duty Status Report of Taser #X3000P5C; the appointment of Expert Witnesses and an Investigator (Doc. 70).

Dated this 6th day of February, 2015.

Honorable Eileen S. Willett
United States Magistrate Judge