WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willie Earl Key,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Nicholas Gombar, et al.,<br><br>　　　　　　Defendants. | No. CV-13-01623-PHX-DJH (ESW)<br><br>**ORDER** |

　　　Willie E. Key is a *pro se* prisoner now incarcerated in A.S.P.C.-Cibola Unit: Yuma in San Luis, Arizona.  He filed a civil rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.  Plaintiff claims a violation of the Eighth Amendment prohibition against cruel and unusual punishment as a result of excessive force alleged to have been used by Phoenix Police Officers Gombar, Zamora, and Salas, who employed tasers during Plaintiff's arrest, and Officer Hill who forced Plaintiff's cuffed hands over his head.  By Order of the Court issued January 7, 2014, Count 1 of Plaintiff's Complaint survived screen review pursuant to 28 U.S.C. § 1915A(b)(1), (2).  (Doc. 5).  All defendants were served and have filed an Answer, joining all issues.  (Doc. 20).  Discovery has been ongoing.  The Court has specifically found that "all taser logs relevant to these proceedings are discoverable, and Defendants have an ongoing obligation to produce them upon receipt."  (Doc. 69).  Defendants were ordered to produce all Taser records. (Doc. 51 and Doc. 54).

　　　Discovery closed in the case on December 8, 2014 by Rule 16 Scheduling and

Discovery Order issued April 7, 2014. (Doc. 22). A Motion and Cross-Motion for Summary Judgment filed by Plaintiff (Doc. 77 and Doc. 79) and a Motion for Summary Judgment filed by Defendants (Doc. 73) are pending full briefing.

In Plaintiff's first Motion for Summary Judgment filed February 17, 2015 (Doc. 77), Plaintiff includes a "Motion for Sanctions." *Id.* Plaintiff cites the Court to no legal authority on which he bases his Motion for Sanctions. Nor is the Court required to guess as to Plaintiff's legal theory for sanctions. However, several rules are applicable.

Rule 11(c)(2), Fed. R. Civ. P., provides in pertinent part: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that violates Rule 11(b)." Rule 11(b)(3) and (4), Fed. R. Civ. P, provide in pertinent part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .
>
> (3) the factual contentions have evidentiary support . . . and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

In addition, Rule 37(b)(2), Fed. R. Civ. P., allows a Court to issue "further just orders" if a party fails to obey an order to provide discovery.

In this case, Plaintiff fails to comply with Rule 11(b), Fed. R. Civ. P.. His Motion for Sanctions is intertwined with his "Motion of Rebuttal to Defendants Motion for Summary Judgment, and Plaintiff's request for summary judgment." Plaintiff argues that the taser reports are inconsistent with deposition testimony and appear to have been "altered (photo shopped)." Plaintiff requests two forms of relief: (1) that the Court order Defendants to produce "the original taser report download of device #X30000P5C and that the superior officer of Nicholas Gombar, (the Defendant not be allowed to prepare it) And that the Chief of Police of Phoenix sign off on that down load," and (2) that the Court accept Plaintiff's version of the facts based upon the documents attached to his combined Motions (Doc. 77) and rule in Plaintiff's favor on the case.

Plaintiff second request for relief goes to the pending cross-motions for summary

judgment, and the undersigned deems the second request for relief to be unrelated to the Motion for Sanctions.

As to Plaintiff's first request for relief, it has been previously granted. Defendants have been ordered to provide all taser documents related to Plaintiff's case from all officers with which Plaintiff came into contact. (Docs. 51, 54, 69) Such disclosures have necessarily included the taser report download of device #X30000P5C. *See* Defendants' Second and Third Supplemental Cumulative Rule 26.1(a) Disclosure Statement at II(18) (Doc. 62-1 at page 18) and II(3), (18) (Doc. 62-1 at pages 26, 28). Plaintiff provides no direct evidence of an altered or photo-shopped document. Plaintiff, in fact, has all the documents; he simply disagrees with them. Plaintiff provides no authority for the Court to order the Chief of Police or Officer Gombar's supervisor to sign off on discovery disclosures.

Plaintiff has failed to comply with Rule 11(b), Fed. R. Civ. P., and he has failed to meet his burden of proof as to a violation of Rule 11(a), Fed. R. Civ. P.. In addition, no failure to provide discovery pursuant to a Court order has occurred. Relief pursuant to Rule 37(b)(2), Fed. R. Civ. P., is denied. Therefore,

IT IS ORDERED denying Plaintiff's Motion for Sanctions (Doc. 77). The Court further notes that Defendants were previously granted permission to not respond to Plaintiff's repeated taser document requests. *See* Order issued December 24, 2014. (Doc. 71). Therefore, no response to this Motion for Sanctions was deemed necessary.

Dated this 19th day of March, 2015.

Honorable Eileen S. Willett
United States Magistrate Judge